UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL DRIVER, and, ) | |
| TERRY CLAYTON, ) | |
| individually and as representatives ) | |
| of a class of all similarly situated individuals, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | CAUSE NO. 1:14-cv-2076 |
| ) | |
| THE MARION COUNTY SHERIFF, ) | |
| ) | Jury Trial Requested |
| Defendant. ) | |

## PLAINTIFFS' CLASS ACTION COMPLAINT

### I. Introduction

1. This case seeks money damages for the class of individuals who were incarcerated in the Marion County correctional system longer than legally authorized.

### II. Jurisdiction and Venue

2. This action is brought pursuant to 42 U.S.C. §1983 and is premised on the fourteenth amendment to the United States Constitution. This Court has original subject matter jurisdiction of the federal questions presented pursuant to 28 U.S.C. §§1331 and 1343.

3. Venue is proper in this Court and Division, pursuant to 28 U.S.C. §1391, because the events giving rise to this action occurred in, and the defendant is located in the Indianapolis Division of the Southern District of Indiana.

### III. Parties

4. Plaintiff Michael Driver is an adult resident of Indiana. He brings this suit in his individual capacity and as a representative, under Federal Rule of Civil Procedure 23, of a class of all other similarly situated persons who were incarcerated longer than legally authorized and then released from the Marion County correctional system.

5. Plaintiff Terry Clayton is an adult resident of Indiana. He brings this suit in his individual capacity and as a representative, under Federal Rule of Civil Procedure 23, of a class of all other similarly situated persons who were incarcerated longer than legally authorized and then released from the Marion County correctional system.

6. The putative class consists of those individuals who have been released from confinement and does not include individuals who are presently incarcerated as of the date of the filing of this complaint.

7. Defendant Marion County Sheriff is located in Marion County, Indiana, and is a political subdivision of the state of Indiana.

### IV. Facts

8. The Marion County Sheriff has instituted a policy and practice to keep individuals detained in its correctional system for an unreasonable period of time after they have been ordered released or satisfied conditions to be released.

9. The experiences of plaintiffs Michael Driver and Terry Clayton are representative of experiences of numerous detainees.

**Michael Driver**

10. On Saturday, December 13, 2014 Michael Driver was arrested for operating a motor vehicle with a blood alcohol content of .08 mg/dl or greater, a Class C Misdemeanor.

11. Mr. Driver was transported to the Arrestee Processing Center and then transferred to the Marion County Jail.

12. A bond was set for Mr. Driver at $1,500.

13. Mr. Driver's lawyer petitioned the court to lower or eliminate the bond.

14. On Monday, December 15, 2014, at approximately 1:30 p.m., the court having jurisdiction over Mr. Driver held a hearing on his bond reduction motion. The court found that Mr. Driver had only one other very old minor criminal conviction, that he was employed, and that he was not a flight risk. The court then vacated the order setting the bond and ordered Mr. Driver released on his own recognizance.

15. After the hearing, Mr. Driver was returned under guard to the Marion County Jail for processing out of the jail.

16. Rather than being released promptly, Mr. Driver was kept at the jail an additional two days, and not released until Wednesday, December 17, 2014 at approximately 6:00 p.m.

17. Mr. Driver missed two full days of work as a result of the defendant's practice.

**Terry Clayton**

18. Terry Clayton was a pretrial detainee in the Marion County Jail awaiting trial.

19. On Wednesday, December 10, 2014, at approximately 11:30 p.m., Mr. Clayton's jury returned a non-guilty verdict in his favor.

20. The judge presiding over the trial informed Mr. Clayton that he would forward paperwork to the Sheriff's office for Mr. Clayton's immediate release.

21. Instead of being promptly released, Mr. Clayton was held at the jail for almost another two days and not released until Friday, December 12, 2014 until approximately 4:00 p.m.

22. Mr. Clayton complained about the delay in his release and was told by correctional officers and a correctional sergeant that the jail had 72 hours to release inmates.

23. The experiences of these two individual plaintiffs, of being held past the time they should have been released, is part of a policy, pattern, and practice of the Marion County Sheriff in holding incarcerated persons longer than legally authorized.

24. It is not uncommon for prisoners who have been released by the courts on their own recognizance, paid a bond, found not guilty, or pled guilty for time served, to be held by the Marion County Sheriff longer than legally authorized, including days, past the time they should have been released.

25. A number of individual class members, their family members, and their lawyers, have complained to the sheriff about this practice, but to no avail.

26. The Marion County criminal courts have recognized this as a problem and have complained to the Sheriff about it, but to no avail. See e.g., "Delayed releases continuing problem at Marion County Jail," The Indiana Lawyer," Aug. 15, 2014 ("Two Marion Superior criminal court judges said Friday they continue to be frustrated by delayed releases of arrestees detained after orders have been signed for their release.")
(http://www.theindianalawyer.com/delayed-releases-continuing-problem-at-marion-county-jail/PARAMS/article/34923) (last accessed 12/17/14).

27. Attorneys for inmates have also recognized this as a problem and have complained about it. See "Public defender blasts Marion County Jail" The IndyChannel.com, Dec. 12, 2014 ("A Marion County public defender questioned why the jail kept her client two days after he was supposed to be released") (http://www.theindychannel.com/news/local-news/public-defender-blasts-marion-county-jail) (last accessed 12/17/14).

28. The individual plaintiffs and the class of similarly situated individuals they represent have suffered damages as a result of these prolonged detentions in the form of physical discomfort, loss of liberty, lost opportunities, and emotional distress.

29. At all times relevant, the Marion County Sheriff and its officers, employees and agents, were acting under color of state law.

## V. Claims

30. Defendant's actions and inactions constitute a deprivation of liberty without due process of law in contravention of the fourteenth amendment, actionable pursuant to 42 U.S.C. § 1983.

31. Plaintiffs and the class reserve the right to proceed with any and all claims which the facts averred in this Complaint support, pursuant to the notice pleading requirement of Federal Rule of Civil Procedure 8.

## VI. Jury Trial Requested

32. The plaintiffs and Class request a jury trial on their claims.

## VII.  Relief Requested

33.     The plaintiffs and Class seek all relief available under the law, including the creation of a common fund from which all class members can claim compensatory damages, attorney fees and costs, and all other appropriate relief.

Respectfully submitted,

Dated: December 19, 2014                  */s/ Richard A. Waples*
                                          Richard A. Waples
                                          Attorney for Plaintiffs and the Class


Dated: December 19, 2014                  */s/ John Young*
                                          John Young
                                          Attorney for Plaintiffs and the Class


**WAPLES & HANGER**
410 N. Audubon Road
Indianapolis, Indiana 46219
TEL: (317) 357-0903
FAX: (317) 357-0275
EMAIL: rwaples@wapleshanger.com

**YOUNG & YOUNG**
128 N. Delaware St. 3rd Floor
Indianapolis, IN 46204
(317) 639-5161
TOLL FREE 1 (888) 639-5161
Fax (317) 639-4978
EMAIL: john@youngandyoungin.com