UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL DRIVER, and,<br>TERRY CLAYTON, MICHAEL BOYD,<br>NICHOLAS SWORDS, Individually<br>and as representatives of a class of all<br>similarly situated individuals,<br><br>        Plaintiffs,<br><br>v.<br><br>THE MARION COUNTY SHERIFF,<br><br>        Defendant. | )<br>)<br>)<br>)<br>) CAUSE NO. 1:14-cv-02076-RLY-MJD<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**CASE MANAGEMENT PLAN**

I.  **Parties and Representatives**

    A.  **Plaintiffs**: Michael Driver, Terry Clayton, Michael Boyd, and Nicholas Swords
        **Defendant**: The Marion County Sheriff

    B.

| **Plaintiffs' Attorneys** | **Defendant's Attorneys** |
|---|---|
| Richard A. Waples | Anthony Overholt |
| WAPLES & HANGER | Kevin Schiferl |
| 410 N. Audubon Road | FROST BROWN TODD LLC |
| Indianapolis, Indiana 46219 | 201 North Illinois Street, Suite 1900 |
| TEL: 317-357-0903 | P.O. Box 44961 |
| FAX: 317-357-0275 | Indianapolis, IN 46244-0961 |
| EMAIL: rwaples@wapleshanger.com | TEL: 317-237-3800 |
| | FAX: 317-237-3900 |
| John Young | Email: aoverholt@fbtlaw.com |
| YOUNG & YOUNG | |
| 128 N. Delaware St. 3rd Floor | Adriana Katzen |
| Indianapolis, IN 46204 | Office of Corporation Counsel |
| TEL: 317-639-5161 | 200 E. Washington St., Room 1601 |
| TOLL FREE 1 888-639-5161 | Indianapolis, Indiana 46204 |
| FAX: 317-639-4978 | TEL: 317-327-4055 |
| EMAIL: john@youngandyoungin.com | FAX: 317- 327-3968 |
| | Email: Adriana.Katzen@indy.gov |

        Counsel shall promptly file a notice with the Clerk if there is any change in this information.

## II. Jurisdiction and Statement of Claims

    A.    This Court has original subject matter jurisdiction of the federal questions presented, pursuant to under 28 U.S.C. 1331 and 1343 based on plaintiffs' claims of false imprisonment and false arrest. The action is brought pursuant to 42 U.S.C. §1983 and is premised on the fourth and fourteenth amendments to the United States Constitution.

    B.    The plaintiffs bring this case individually and on behalf of a class of individuals who are similarly situated. The lawsuit alleges that the Sheriff, who has authority over Marion County Jails, has instituted practices and policies resulting in its holding plaintiffs and other inmates in its jails beyond the legal time period of their incarceration.

        The Defendant contends that it is not liable for the claims asserted in this case. Plaintiffs cannot establish the requirements set forth in Fed. R. Civ. P. 23 nor can they establish the existence of a custom, policy or practice. Further, Defendant was not negligent as alleged in the Amended Complaint. Finally, Defendant notes that the time for it to file an answer to the Amended Complaint has not yet expired, and it relies upon the affirmative defenses that will be supplied in that Answer.

    C.    Within 14 days after the non-expert discovery deadline, and consistent with the certification provisions of Fed. R. Civ. Proc. 11(b) the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

## III. Pretrial Pleadings and Disclosures

    A.    The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before **April 20, 2015** [no later than 4 months from Anchor Date]. [Note: Fed. R. Civ. P. 26(a)(1)(E) permits the parties to object to making initial disclosures or to stipulate to a different deadline for making such disclosures based upon the circumstances of the action. If any objection and/or stipulation is made to initial disclosures in the CMP, the parties shall briefly state the circumstances justifying their respective positions.

    B.    Plaintiff(s) shall file preliminary witness and exhibit lists on or before **May 19, 2015** [no later than 5 months from Anchor Date].

C. Defendant(s) shall file preliminary witness and exhibit lists on or before **June 19, 2015** [no later than 6 months from Anchor Date].

D. All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before **May 19, 2015** [no later than 5 months from Anchor Date].

E. Plaintiff(s) shall serve Defendant(s) (but not file with the Court) a statement of special damages, if any, and make a settlement demand, on or before **May 19, 2015**_____ [no later than 5 months from the Anchor Date].  Defendant(s) shall serve on the Plaintiff(s) (but not file with the Court) a response thereto within 30 days after receipt of the demand.

F. Plaintiff shall file any motion for class certification on or before June 19, 2015; Defendants shall file any response thereto on or before July 20, 2015; and, Plaintiff shall file any reply thereto on or before August 3, 2015. The Court will set a hearing on Class Certification after the matter is fully briefed.

G. Plaintiff(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **January 19, 2016** [no later than 13 months from Anchor Date].  Defendant(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before [30 days after Plaintiff(s) serves its expert witness disclosure]; or if Plaintiff has disclosed no experts, Defendant(s) shall make its expert disclosure on or before [no later than 14 months from Anchor Date].

H. If a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than 90 days prior to the dispositive motion deadline.  If such expert disclosures are served the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment.  The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines.  Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the court.

I. Any party who wishes to limit or preclude expert testimony at trial shall file any such objections no later than _____[60 days before trial].  Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by Local Rule 56-1.

J. All parties shall file and serve their final witness and exhibit lists on or before **February 19, 2016** [no later than 14 months from Anchor Date].  This list should reflect the specific potential witnesses the party may call at trial.  It is not

3

      sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements.  The list of final witnesses shall include a brief synopsis of the expected testimony.

K.      Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

L      <u>Discovery of electronically stored information ("ESI").</u>
      The parties anticipate substantial electronic discovery and agree that electronic discovery shall be handled as follows:

      1.      Production of ESI.  The parties will work in good faith to locate discoverable and reasonably accessible ESI.  Absent any objection, electronic discovery shall be produced to the requesting party in the form in which it is ordinarily maintained or in a reasonably useable form with metadata.  If a party requests documents that are stored in an electronic format, the disclosing party may provide the requesting party copies of the documents in their native format on CD or DVD, by e‑mail, or by other electronic means. As part of their good faith work on ESI, the parties will be prepared to consider crafting and submitting a formal supplement to this Case Management Plan as merited.

      2.      Search Parameters/Terms.  The parties agree that it is too early in the litigation to finalize keyword search terms for e‑mail review, but will meet and confer to attempt to reach an agreement thereon.

      3.      Preservation of Data.  Throughout the course of this matter, the parties will make efforts to preserve all electronic data relevant to either party's claims or defenses pursuant to the requirements of the Federal Rules of Civil Procedure.

      4.      Additional Issues.  At this time, the parties do not know of any additional electronic discovery issues that may arise in this matter.  If additional issues arise not governed by this Plan, the parties agree to work in good faith to resolve the matter before bringing the issue to the Court's attention, including a potential ESI Supplement.

      In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned.  In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document.  The producing party shall promptly identify the returned document on a privilege log.  The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or

protection with respect to that document or any other documents involving the same or similar subject matter.

## IV. Discovery[1] and Dispositive Motions

Due to the time and expense involved in conducting expert witness depositions and other discovery, as well as preparing and resolving dispositive motions, the Court requires counsel to use the CMP as an opportunity to seriously explore whether this case is appropriate for such motions (including specifically motions for summary judgment), whether expert witnesses will be needed, and how long discovery should continue. To this end, counsel must select the track set forth below that they believe best suits this case. If the parties are unable to agree on a track, the parties must: (1) state this fact in the CMP where indicated below; (2) indicate which track each counsel believes is most appropriate; and (3) provide a brief statement supporting the reasons for the track each counsel believes is most appropriate. If the parties are unable to agree on a track, the Court will pick the track it finds most appropriate, based upon the contents of the CMP or, if necessary, after receiving additional input at an initial pretrial conference.

A. Does any party believe that this case may be appropriate for summary judgment or other dispositive motion? If yes, the party(ies) that expect to file such a motion must provide a brief statement of the factual and/or legal basis for such a motion. [Note: A statement such as, "Defendant will seek summary judgment because no material facts are in dispute," is insufficient. Such a statement does not indicate to the Court that the parties used the CMP as an opportunity to seriously explore whether this case is appropriate for summary judgment or other dispositive motion. However, the failure to set forth a basis for a dispositive motion in the CMP will not bar a party from raising this argument at the motions stage.]
B. The Plaintiffs may file a dispositive motion on the forth and fourteenth amendment claims challenging the defendant's policies and practices as identified in their complaint.
C. Defendants will file a dispositive motion because Defendant anticipate that Plaintiffs will not be able to establish (1) the requirements for class certification; (2) the existence of an unconstitutional custom or practice or (3) the elements of negligence.

D. Select the track that best suits this case:

\_\_\_\_\_ Track 1: No dispositive motions are anticipated. All discovery shall be completed by _____ [no later than 16 months from Anchor Date]. [Note:

---

[1]The term "completed," as used in Section IV.B, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline. Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same. In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

5

Given that no dispositive motions are anticipated, the parties should consider accelerating discovery and other pretrial deadlines to the extent practicable and suggest a trial date (Section VI) substantially earlier than the presumptive trial date of 18 months from the Anchor Date.  The Court encourages a track faster than the standard track in all cases in which dispositive motions are not anticipated].

___X___ Track 2: Dispositive motions are expected and shall be filed by **December 18, 2015** [no later than 12 months from Anchor Date]; non-expert witness discovery and discovery relating to liability issues shall be completed by **October 19, 2015** [no later than 7-10 months from Anchor Date]; expert witness discovery and discovery relating to damages shall be completed by **April 19, 2016.** _____[no later than 12-16 months from Anchor Date].  [Note: The Court expects this will be the typical track when dispositive motions are anticipated.]

_____ Track 3: Dispositive motions are expected and shall be filed no later than _____ [no later than 12 months from Anchor Date]; discovery relating to liability issues and expert witness discovery that may be necessary at the dispositive motions stage shall be completed by _____ [no later than 30 days prior to the dispositive motion deadline date]; all remaining discovery shall be completed by [no later than 12-16 months from Anchor Date].  [Note: The Court expects that this will not be the typical track when dispositive motions are anticipated.]

_____ Track 4: Dispositive motions shall be filed by _____ [not later than 13 months from the Anchor Date]; non-expert discovery shall be completed by _____; expert witness discovery shall be completed by _____.
[Note: The Court provides Track 4 as an open option because it recognizes that there may be unusual cases for which special circumstances necessitate additional flexibility.  However, the Court has found that Tracks 1-3 are appropriate in the large majority of cases, and therefore the parties must briefly state below the special circumstances justifying a departure from Tracks 1-3.]

<u>Absent leave of court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.</u>

V.     **Pre-Trial/Settlement Conferences**

At any time, any party may call the Judge's Staff to request a conference, or the Court may sua sponte schedule a conference at any time.  The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery.  **The parties are encouraged to request an earlier date if they believe the assistance of the Magistrate Judge would be helpful in achieving settlement.  The parties recommend a settlement conference in _____[month/year].**

6

VI.  **Trial Date**

The presumptive trial date is 20 months from the Anchor Date.  The parties request a trial date in **August 2016**.  The trial is by **Jury** and is anticipated to take **three** days.  Counsel should indicate here the reasons that a shorter or longer track is appropriate.  While all dates herein must be initially scheduled to match the presumptive trial date, if the Court agrees that a different track is appropriate, the case management order approving the CMP plan will indicate the number of months by which all or certain deadlines will be extended to match the track approved by the Court.

VII. **Referral to Magistrate Judge**

A.  **Case**.  At this time, all parties **do not** consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(b) and Federal Rules of Civil Procedure 73 for all further proceedings including trial.  [This section should be marked in the affirmative only if all parties consent.  Do not indicate if some parties consent and some do not.  Indicating the parties' consent in this paragraph may result in this matter being referred to the currently assigned Magistrate Judge for all further proceedings, including trial.  It is not necessary to file a separate consent.  Should this case be reassigned to another Magistrate Judge, any attorney or party of record may object within 30 days of such reassignment.  If no objection is filed, the consent will remain in effect.]

B.  **Motions**.  The parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand.  If all parties consent, they should file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

VIII. **Required Pre-Trial Preparation**

A.  **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1.  File a list of trial witnesses, by name, who are actually expected to be called to testify at trial.  This list may not include any witnesses not on a party's final witness list filed pursuant to section III.I.

2.  Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial.  Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation.  Make the original exhibits available for inspection by opposing counsel.  Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

3. Submit all stipulations of facts in writing to the Court.  Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

4. A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

   a. brief written summaries of the relevant facts in the depositions that will be offered.  (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

   b. if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

5. Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6. Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B. **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. Notify opposing counsel in writing of any objections to the proposed exhibits.  If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2. If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing.  Any objections shall be made in the same manner as for proposed exhibits.  However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

8

      3.      File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

      4.      Notify the Court and opposing counsel of requests for separation of witnesses at trial.

**IX.** **Other Matters**

[Insert any other matters any party believes should be brought to the Court's attention]

**Plaintiffs' Attorneys**

*/s/ Richard A. Waples*
Richard A. Waples
WAPLES & HANGER
410 N. Audubon Road
Indianapolis, Indiana 46219

/s/*John Young*
John Young
YOUNG & YOUNG
128 N. Delaware St. 3rd Floor
Indianapolis, IN 46204

**Defendant's Attorneys**

/s/ *Anthony Overholt*
Anthony Overholt
Kevin Schiferl
FROST BROWN TODD LLC
201 North Illinois Street, Suite 1900
P.O. Box 44961
Indianapolis, IN 46244-0961

/s/*Adriana Katzen*
Adriana Katzen
Office of Corporation Counsel
200 E. Washington St., Room 1601
Indianapolis, Indiana 46204

9

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
|  | PARTIES APPEARED IN PERSON/BY COUNSEL ON _____ FOR A PRETRIAL/STATUS CONFERENCE. |
|  | APPROVED AS SUBMITTED. |
|  | APPROVED AS AMENDED. |
|  | APPROVED AS AMENDED PER SEPARATE ORDER. |
|  | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
|  | APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
|  | THIS MATTER IS SET FOR TRIAL BY_____ ON _____. FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT \_\_\_\_\_.M., ROOM _____. |
|  | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____AT _____.M. COUNSEL SHALL APPEAR:<br><br>_____ IN PERSON IN ROOM _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL FOR INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE COURT JUDGE AT (\_\_\_\_) _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL CALLING THE JUDGE'S STAFF AT (\_\_\_\_) _____; |
|  | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN _____ |

Upon approval, this Plan constitutes an Order of the Court. Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Rule 16(f), to and including dismissal or default.

**Approved and So Ordered.**

_____  _____
Date U. S. District Court
Southern District of Indiana

LR10348.0975408   4845-0949-2258v1

11