UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL DRIVER, TERRY CLAYTON, MICHAEL BOYD, NICHOLAS SWORDS, and ROY SHOFNER, individually and as representatives of a class of all similarly situated individuals, <br><br> Plaintiffs, <br><br> v. <br><br> THE MARION COUNTY SHERIFF, and THE CONSOLIDATED CITY OF INDIANAPOLIS AND MARION COUNTY, <br><br> Defendants | ) ) ) ) ) ) ) ) ) ) No. 1:14-cv-02076-RLY-MJD ) ) ) ) ) ) ) |

**DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO EXCLUDE
PLAINTIFFS' EXPERT RICHARD KIEKBUSCH**

### I.      Introduction

Plaintiffs disclosed and provided the expert report of Richard G. Kiekbusch, Ph.D., on August 6, 2018, as part of Plaintiffs' Disclosure of Expert Witnesses. Now, Plaintiffs offer Kiekbusch's expert report in support of their Motion for Partial Summary Judgment and seek to offer his expert testimony at any future trial of this matter. *See* (Dkt. No. 351-1). His testimony should be excluded by this Court.

Kiekbusch's expert report and testimony should be excluded because his opinions are not admissible pursuant to FED. R. EVID. 702, 703, and 704 and the principles set forth in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993) and *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999). Specifically, Kiekbusch's testimony should be excluded because (1) his opinions do not require any specialized knowledge and are obvious to a layperson; (2) his opinions provide an

inadmissible legal conclusion; (3) relies upon the incorrect legal standard in generating those opinions.

## II.     Legal Standard

FED. R. EVID. 702 governs the admissibility of expert testimony in federal courts. *Ancho v. Pentek Corp.*, 157 F.3d 512, 515 (7th Cir. 1998). FED. R. EVID. 702 states:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

In *Daubert v. Merrell Dow Pharm., Inc.*, the U.S. Supreme Court interpreted FED. R. EVID. 702 "to charge district courts with ensuring that expert testimony is reliable and relevant – that is, 'whether the reasoning and methodology underlying the testimony is scientifically valid' and 'whether that reasoning or methodology can be applied to the facts at issue.'" *Stokes v. John Deere Seeding Grp.*, No. 4:12-cv-04054-SLD-JAG, 2014 WL 675820, at *2 (C.D. Ill. Feb. 21, 2014) (quoting *Daubert*, 509 U.S. at 589-93). "In other words, as a threshold matter, 'a district court is required to determine (1) whether the expert would testify to valid scientific knowledge, and (2) whether that testimony would assist the trier of fact with a fact at issue.'" *Peoples State Bank v. Stifel, Nicolaus & Co., Inc.*, No. 1:10-cv-1640-RLY-TAB, 2013 WL 1024917, at *2 (S.D. Ind. Mar. 14, 2013) (Young, J.) (quoting *Smith v. Ford Motor Co.*, 215 F.3d 713, 718 (7th Cir. 2000)) (additional quotation omitted). "The fundamental purpose of this gatekeeping requirement 'is to make certain

that an expert, whether basing testimony on professional studies or personal experience, employs in the court room the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Id.* (quotations omitted). "The proponent of expert testimony bears the burden of establishing its admissibility by a preponderance of the evidence under Federal Rule of Evidence 104(a)." *Stokes*, 2014 WL 675820, at *3 (citing *Daubert*, 509 U.S. at 592 n.10).

The Seventh Circuit applies a two-step analysis in evaluating expert testimony under FED. R. EVID. 702: (1) whether the expert's testimony is reliable; and, (2) whether the expert's testimony is relevant. *Peoples State Bank*, 2013 WL 1024917, at *2 (quotation and citation omitted). First, with respect to reliability, a court must determine whether the expert is qualified in the relevant field and whether the expert's methodology is sound. *Id.* at *3-4 (citation omitted). *Daubert* provides a non-exhaustive list of factors to assist courts in determining the reliability of an expert's methodology: (1) whether it can be tested or is falsifiable; (2) whether it has been subjected to peer review and publication; (3) the known or potential rate of error; (4) the existence and maintenance of standards and controls; and, (5) whether it has been generally accepted within the scientific community. *Stokes*, 2014 WL 675820, at *2 (citing *Daubert*, 509 U.S. at 593-94).

Second, with respect to relevancy, "the court must ensure that the evidence or testimony will 'assist the trier of fact to understand the evidence or determine a fact in issue.'" *Peoples State Bank*, 2013 WL 1024917, at *6 (quoting *Daubert*, 509 U.S. at 591). In order to be relevant, an expert "must testify to something more than what is 'obvious to the layperson' in order to be of any particular assistance to the jury." *Id.* (quoting *Ancho*, 157 F.3d at 519).

3

### III.    Argument

Neither of Kiekbusch's opinions proffered in his expert report are admissible. In particular, Kiekbusch opines that:

> A.    From the standpoint of sound jail management, it was **not** reasonable for the Marion County Sheriff's Office to acquire and continue to use an inmate management information system that is not compatible with the case management information system used by Marion County's criminal courts.
>
> An essential part of sound jail management is the timely release of prisoners following the posting of bond or the issuance of a court order to release. The Sheriff's acquisition and continued use of OMS has severely compromised the ability of his jail staff to perform this critically important function.
>
> B.    The amount of time generally required by the Marion County Sheriff's Office to release jail inmates who have posted bond or who have been court-ordered released **is** unreasonably excessive.
>
> Based upon the testimony given in this case by the defendants and others, as well as my own experience, any Marion County prisoner held for more than 4-6 hours following the posting of bond or the issuance of a court order to release has been unreasonably detained.

(Dkt. No. 351-1 at 1-2) (emphasis in original). Both of these opinions should be excluded by this Court in its review of the Plaintiffs' Motion for Partial Summary Judgment and at any trial of this matter for the reasons stated below.

**A.    Kiekbusch's opinion that the MCSO should not have used an inmate management system that is incompatible with the case management information system used by the Marion County criminal courts does not require any specialized knowledge and is obvious to a layperson.[1]**

Kiekbusch's conclusion that the MCSO should have used an inmate management system that is compatible with the case management system used by the Marion County criminal courts does not require any specialized knowledge and is obvious to a layperson. As stated above, in order

---

[1] For purposes of this brief, Defendants do not attack the merits of this opinion that OMS is "incompatible" with Odyssey. Instead, Defendants refuted that argument in the summary judgment briefing already on file with the Court.

4

to be admissible, Kiekbusch's testimony must be relevant. That is, if Kiekbusch is to give testimony to assist jury members and expand their knowledge of a particular subject matter, he "must testify to something more than what is 'obvious to the layperson' in order to be of any particular assistant to the jury." *Ancho*, 157 F.3d at 519 (citing *Schutt Mfg. Co. v. Riddell, Inc.*, 673 F.2d 202, 205 (7th Cir. 1982) (If "the subject matter as a whole is obvious to a lay[person] . . . expert testimony . . . would be useless.")).

Here, Kiekbusch's testimony is obvious to a layperson and requires no specialized knowledge. In fact, the majority of Kiekbusch's expert report that discusses the reasoning behind his conclusion that the MCSO should have used a system that is compatible with the Marion County criminal court's system is dedicated to citations from fact witnesses' testimony that will not assist the trier of fact. *See also Huey v. United Parcel Serv.*, 165 F.3d 1084, 1087 (7th Cir. 1999) ("An expert who supplies nothing but a bottom line supplies nothing of value to the judicial process.").

| Dkt. No. 351-1 at 2, ¶ 4(a) | "Sheriff John Layton acknowledged the absolute necessity of compatibility between his Office's inmate management system and the case management system used by the County's criminal court." | Layton deposition, 59 |
|---|---|---|
| Dkt. No. 351-1 at 2, ¶ 4(b) | "Col. Louis Dezelan ... concurred with Sheriff Layton regarding the need for systems compatibility." | Dezelan deposition, 12-13 |
| Dkt. No. 351-1 at 2, ¶ 4(c) | "Geneva Roembke ... asserted that ... it makes common sense to verify [the jail management information system] compatibility with the courts' management information system." | Roembke deposition, 30, 43 |
| Dkt. No. 351-1 at 2, ¶ 4(d) | "Sheriff Layton testified that his Office's inmate management system (OMS) is not compatible with the courts' case management system. (Odyssey)." | Layton deposition, 53-54 |
| Dkt. No. 351-1 at 2, ¶ 4(e) | "Amitav Thamba ... concurred with Sheriff Layton regarding this systems incompatibility." | Thamba deposition, 13 |
| Dkt. No. 351-1 at 2-3, ¶ 4(f) | "... Lt. Col. James Martin, also acknowledged the incompatibility of OMS and Odyssey ..." | Martin deposition, 23-24 |
| Dkt. No. 351-1 at 2, ¶ 4(g) | "Derek Peterson ... testified that problems with the OMS conversion continued into 2016." | Peterson deposition, 64 |

| Dkt. No. 351-1 at 2, ¶ 4(h) | "[Dr. Padfield and Mr. Peterson] found OMS significantly lacking … Consultant Padfield also testified that the Dexter interface was necessary because the courts' Odyssey system and OMS did not communicate." | Padfield deposition, 2-13-18, 24 |
|---|---|---|
| Dkt. No. 351-1 at 3, ¶ 6(a) | "Lt. Col. Martin acknowledged that prisoner releases were being delayed and prisoners were backed up in the jail due in part to OMS/Odyssey incompatibility …" | Martin deposition, 23-24 |
| Dkt. No. 351-1 at 3, ¶ 6(b) | "… Royce Cole noted that average prisoner release times for the Marion County jails increased substantially with the June 2014 implementation of OMS." | Cole deposition, 13 |
| Dkt. No. 351-1 at 3, ¶ 6(d) | "… Peterson referred to 'significant' and 'alarming' delays in the prisoner release process due to OMS implementation and the resulting manual checking of release eligibility …" | Peterson declaration paragraph 18 |
| Dkt. No. 351-1 at 4, ¶ 6(f) | "Col. Dezelan later testified … that the spike may have been attributed to OMS/Odyssey incompatibility." | Dezelan deposition 50-51, 92 |
| Dkt. No. 351-1 at 4, ¶ 6(g) | "… Major Tammy Wood … reported to then-jail commander Cole that people were really backing up in the jail because the computer system was not working." | Cole deposition, 14-15 |
| Dkt. No. 351-1 at 4, ¶ 6(h) | "… Peterson … noted an immediate spike in the inmate population associated with the June 2014 implementation of OMS." | Peterson deposition, 46 |

Indeed, the jury is able to evaluate the same testimony as Kiekbusch and is capable of drawing its own conclusions based on the same testimony without him. *See also U.S. Sec. Exch. Comm'n v. ITT Educ. Servs., Inc.*, 311 F.Supp.3d 977, 989 (S.D. Ind. 2018) (holding that "expert testimony is not needed regarding the general business model of for-profit higher education institutions relying on student enrollment to maintain revenue and earning revenue through tuition" as "[t]his is something a layperson would understand, making expert testimony unnecessary"). Because Kiekbusch's "expert" testimony is based on repeating the testimony of fact witnesses and Plaintiffs' counsel will have the opportunity to cross-examine these fact witnesses at trial, Kiekbusch's report does not assist the jury in understanding the evidence or any facts in

6

issue. Accordingly, this Court should exclude Plaintiffs' expert Richard Kiekbusch and his opinions from any consideration in this case.

**B.     Kiekbusch's opinion provides inadmissible legal conclusions in that he states the Defendants' actions were "not reasonable" and "unreasonably excessive" and inmates had been "unreasonably detained." He also cites to the incorrect legal standard.**

Kiekbusch's conclusion that it was "not reasonable" for the MCSO to use an incompatible computer system, that the amount of time it took to release inmates was "unreasonably excessive," and that inmates had been "unreasonably detained" are impermissible legal conclusions that should be excluded pursuant to FED. R. EVID. 702 and 704. While FED. R. EVID. 704(a) states that "[a]n opinion is not objectionable just because it embraces an ultimate issue," that does not mean "all opinions concerning ultimate issues are admissible, just that an opinion is not objectionable solely because it embraces an ultimate issue." *Peoples State Bank*, 2013 WL 1024917, at *8 (citation omitted). Opinions that "embrace legal conclusions and usurp the trier of fact's role" do not "guide the fact-finder on the ultimate issue; rather, they tell the fact-finder what the verdict must be." *Id.* at *9; *see also Bammerlin v. Navistar Int'l Transp. Corp.*, 30 F.3d 898, 900 (7th Cir. 1994) (holding that "[t]he meaning of federal regulations is not a question of fact, to be resolved by the jury after a battle of experts. It is a question of law, to be resolved by the court.").

This Court considered a similar issue concerning experts providing legal conclusions in *Damiani for Estate of Damiani v. Allen*, No. 4:16-cv-00053-RLY-DML, 2018 WL 4095080 (S.D. Ind. Aug. 28, 2018) (Young, J.), *appeal dismissed* No. 18-3070 (7th Cir. Jan. 25, 2019). In *Damiani*, plaintiff offered an expert in law enforcement policy, practices, and procedures. *Id.* at *5. Defendants sought to exclude plaintiff's expert's testimony, in part, because his conclusions rested exclusively with the jury. *Id.* This Court noted that "[e]xpert witnesses may not draw legal

7

conclusions" and "[p]ermitting such testimony 'may cause the jury to accord too much weight to that testimony, and may infer that the jury should look to that witness for legal guidance.'" *Id.* at *6 (citations and quotation omitted). The Court held that plaintiff's expert could not testify on whether the defendants used excessive force, that defendants conspired to present a "sanitized" version of events to avoid public scrutiny, and that defendants failed to provide decedent with medical care. *Id.* Conversely, the *Damiani* plaintiff moved to exclude defendants' expert witness for similar reasons: that defendants' expert's opinions were nothing more than legal conclusions. *Id.* at *9. The Court held that the defendants' expert's opinions that a defendant used objectively reasonable force, that it was reasonable to tase the decedent in order to subdue him, and a defendant properly used force in defense of another were also impermissible legal conclusions. *Id.*

Here, Kiekbusch's conclusions that (1) "it was **not** unreasonable for the Marion County Sheriff's Office to acquire and continue to use . . ."; (2) "the amount of time generally required by the [MCSO] to release jail inmates who have posted bond or who have been court-ordered released **is** unreasonably excessive"; and, (3) "any Marion County prisoner held for more than 4-6 hours following the posting of bond or the issuance of a court order to release has been unreasonably detained" constitute legal conclusions. (Dkt. No. 351-1 at 1-2) (emphasis in original). Kiekbusch's language aligns with the "reasonableness" standard applied in Fourth Amendment claims. *See Peoples State Bank*, 2013 WL1024917, at *9 (noting that expert's opinions suggest the defendants' behavior conformed with the legal standard of care, not the securities industry's standard of care, as the opinions are couched in legal terminology). While Defendants' disagree that the Fourth Amendment's "reasonableness" standard applies to Plaintiffs' claims as to OMS, Kiekbusch's report is couched in Fourth Amendment terminology. Kiekbusch cannot apply a "reasonableness"

8

legal standard and such a conclusion would not be helpful to the jury. Therefore, because Kiekbusch's report provides a legal conclusion, his testimony should be excluded from this case.

Moreover, his opinions that refer to the "reasonableness" of the Defendants' actions under the Fourth Amendment in using OMS are relying on the wrong legal standard. Kiekbusch repeats the claims made by Plaintiffs that the use of OMS resulted in systemic delays in the processing of inmates for release. *Driver v. Marion County Sheriff*, 859 F.3d 489, 495 (7th Cir. 2017) *citing Phillips v. Sheriff of Cook County*, 828 F.3d 541, 554 (7th Cir. 2016). In the Seventh Circuit's decision addressing class certification, the Court determined that the standard applicable to claims where the MCSO allegedly relied on "systemic and gross deficiencies in equipment or procedures" is the deliberate indifference standard. Thus, when Kiekbusch asserts that use of OMS was not reasonable under the Fourth Amendment, he used the wrong standard rendering his opinions inadmissible.

## IV. Conclusion

For all the foregoing reasons, the Defendants the Marion County Sheriff's Office and the Consolidated City of Indianapolis and Marion County request the Court exclude Plaintiffs' expert Richard Kiekbusch and his opinion from any consideration in this case.

FROST BROWN TODD LLC

By: */s/Anthony W. Overholt*
Anthony W. Overholt, #16481-49
201 N. Illinois St., Suite 1900
Indianapolis, IN 46204
Tel. (317) 237-3800
Fax (317) 237-3900

Attorneys for Defendants

9

### Certificate of Service

I hereby certify that on this 23rd day of August, 2019, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Richard A. Waples  
Waples & Hanger  
410 N. Audubon Road  
Indianapolis, In  46219

John Young  
Young & Young  
128 N. Delaware St., 3rd Floor  
Indianapolis, IN  46204

*/s/Anthony W. Overholt*  
Anthony W. Overholt

FROST BROWN TODD LLC  
201 North Illinois Street, Suite 1900  
P.O. Box 44961  
Indianapolis, IN  46244-0961  
317-237-3800  
Fax: 317-237-3900  
aoverholt@fbtlaw.com

LR02314.0629431   4831-4017-3986v1