UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MICHAEL  DRIVER,<br>TERRY  CLAYTON,<br>MICHAEL  BOYD,<br>NICHOLAS  SWORDS, and<br>ROY  SHOFNER, individually and as<br>representatives of a class of all similarly<br>situated individuals, | )<br>)<br>)<br>)<br>)<br>)<br>) | 1:14-cv-02076-RLY-MJD |
| Plaintiffs, | )<br>) | |
| vs. | )<br>) | |
| MARION COUNTY SHERIFF, and<br>CONSOLIDATED CITY OF<br>INDIANAPOLIS AND MARION<br>COUNTY, | )<br>)<br>)<br>)<br>) | |
| Defendants. | ) | |

**ENTRY ON PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

**(on remand from the Seventh Circuit)**

Plaintiffs, Michael Driver, Terry Clayton, Michael Boyd, Nicholas Swords, and

Roy Shofner, bring a claim under 42 U.S.C. § 1983 alleging the policies and practices of

the Marion County Sheriff caused them to be detained in the Marion County Jail awaiting

release for an unreasonably long period of time, in violation of the Fourth Amendment.

Plaintiffs originally sought to certify five subclasses under Federal Rule of Civil

Procedure 23(a) and (b)(3).  The court granted certification as to two of those subclasses

but denied it as to the remaining three.  Plaintiff appealed the court's denial of

certification for two of the three subclasses and prevailed.  The two subclasses at issue

consist of all individuals who, from December 19, 2012 to the present, were held in

confinement by the Sheriff after legal authority for those detentions ceased, due to:

1)   the Sheriff's practice of operating under a standard allowing up to 72
     hours to release prisoners who are ordered released; and

2)   the Sheriff's practice of employing a computer system inadequate for
     the purposes intended with respect to the timely release of prisoners.

Upon review of the record, the parties' submissions, and the applicable law, the court

finds these subclasses are appropriate for class treatment under Rule 23.

## I.   Discussion

### A.   72-Hour Delay

In its Entry on Plaintiff's Motion for Class Certification, the court denied

certification of this subclass because, it found, common issues did not predominate under

Rule 23(b)(3).  The Seventh Circuit rejected this argument, finding instead that class

treatment may be appropriate if the record established the Sheriff adopted a policy of

deliberate delay.  *Driver v. Marion Cty. Sheriff*, 859 F.3d 489, 492 (7th Cir. 2017); *see*

*also id.* ("Neither *Portis* [*v. City of Chicago, Ill.*, 613 F.3d 702 (7th Cir. 2010)] nor

*Harper* [*v. Sheriff of Cook Cty.*, 581 F.3d 511 (7th Cir. 2009)] preclude class certification

in a case such as this one, in which the plaintiffs assert that the defendants' policy or

practice caused them to be detained for an unconstitutionally-unreasonable length of

time.").

Plaintiffs submitted evidence establishing that inmates were held for "24-plus

hours"—a time period the Seventh Circuit suggested was constitutionally unacceptable.

*Id.* at 491-92.  They also submitted evidence that the Sheriff was aware of this problem;

2

nonetheless, over detentions continued and apparently continue to this day.  (Filing Nos. 73-1, Affidavit of Mark Thompson ¶ 11 (noting "Sheriff Layton recognized a problem existed" but "[t]he over detentions continue"); Filing No. 73-3, Affidavit of William E. Young ¶ 6 (stating delays "could be as few as 24 hours to as much as 72 hours");  Filing No. 73-15, Indiana Lawyer article (noting "[t]wo Marion Superior criminal court judges . . . continue to be frustrated by delayed releases of arrestees detained after orders have been signed for their release"); Filing No. 73-18, Email communications between public defender and Sheriff's office and between Superior Court Master Commissioner and technology officer discussing delays in the release of inmates).  The court finds this evidence is sufficient for purposes of class certification to establish that the Sheriff adopted a policy of deliberate delay.  Accordingly, the court finds Plaintiffs have satisfied their burden.  Class certification is **GRANTED**.

### B.    Inadequate Computer System

Initially, the court denied certification of this subclass—the Sheriff's adoption of an inadequate computer system which resulted in lengthy release times—because it found the class was not sufficiently identifiable.  The Seventh Circuit disagreed, finding "the class is capable of definition both by the timing and the length of the delay in release." *Driver*, 859 F.3d 489, 494 (7th Cir. 2017).  On remand, this court is directed to consider whether a policy or practice existed and whether the evidence indicated deliberate indifference.  *Id.* at 495.

At the class certification hearing held on October 9, 2019, Defendants conceded that the Sheriff's selection and use of the OMS computer system was a policy or practice.

3

That leaves the issue of deliberate indifference.  "[D]eliberate indifference can be shown by systemic or gross deficiencies in equipment or procedures that result in a deprivation of a constitutional right."  *Phillips v. Sheriff of Cook Cty.*, 828 F.3d 541, 554 (7th Cir. 2016).

The computer system at issue is known as the Offender Management System ("OMS").  The Sheriff chose OMS as the means to integrate the Jail's IT functions with Odyssey—the Marion Superior Court's electronic case management system which went "live" on June 1, 2014.  (Filing No. 119, Declaration of Derek Peterson ¶¶ 11-12, 14). Plaintiffs submitted evidence that the Sheriff chose OMS because it was a good deal and implemented it despite never having determined whether it was compatible with the court's Odyssey software.  (*Id.* at 110 ("Q: Nobody, to the best of your knowledge, ever looked at that issue, though, whether GTL's OMS worked with Odyssey before the sheriff acquired Odyssey? A: Not that I'm aware of.").

OMS was beset with technical issues, the most significant of which was its inability to interface with DEXTER, the computerized transfer system that would allow the various computer programs used by the stakeholders—the Indianapolis Metropolitan Police Department, the Marion County Sheriff's Office ("MCSO"), the Public Defender's Office, Community Corrections, and the Prosecutor's Office—to exchange information with each other on Odyssey.  (*Id.* ¶ 13).  As a result, the MCSO did not receive electronic court information when the new system went live.  (*Id.* ¶ 14).  This technical issue required the MCSO to rely upon automated reports from Odyssey sent from the Courts on an hourly basis, that listed all of the event codes—e.g., setting of bond—regardless of

4

custody status.  (*Id.*).  Those codes were then manually updated and processed by MCSO staff.  (*Id.*).  The MCSO also had to rely on emails, paper records, faxes, and telephone calls to gather information to make release decisions.  (*Id.*; Filing No. 116-3, Deposition of Tammy Wood at 12-13, 41).  Suffice it to say that release times increased significantly.  (Filing No. 158-9, Deposition of Derek Peterson at 45-47).  The Sheriff continued to use OMS even though he was aware that its continued use caused undue delay in the release of inmates.  (*Id.* at 79-80, 146-47; Filing No. 158-2, Deposition of Royce Cole at 14-15, 17; Filing No. 158-7, Deposition of James Martin at 23-24).  The court finds these systemic and gross deficiencies in OMS, of which the Sheriff was aware and resulted in the violation of Plaintiffs' constitutional rights, indicates for purposes of class certification that the Sheriff acted with deliberate indifference.  Accordingly, class certification is **GRANTED**.

## II.    Conclusion

For the reasons set forth above, the court **GRANTS** Plaintiffs' Motion for Class Certification (Filing No. 71) with respect to the following classes:

1)    the Sheriff's practice of operating under a standard allowing up to 72 hours to release prisoners who are ordered released; and

2)    the Sheriff's practice of employing a computer system inadequate for the purposes intended with respect to the timely release of prisoners.

**SO ORDERED** this 5th day of November 2019.

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.

5