UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL DRIVER, <br> TERRY CLAYTON, <br> MICHAEL BOYD, <br> NICHOLAS SWORDS, and <br> ROY SHOFNER, individually and as representatives of a class of all similarly situated individuals, <br><br> Plaintiffs, <br><br> vs. <br><br> MARION COUNTY SHERIFF, and CONSOLIDATED CITY OF INDIANAPOLIS AND MARION COUNTY, <br><br> Defendants. | 1:14-cv-02076-RLY-MJD |

**ENTRY ON (1) PLAINTIFFS' MOTION TO STRIKE and
(2) DEFENDANTS' MOTION TO DECERTIFY THE CLASS**

This is a class action in which the Plaintiffs allege that the policies and practices of the Marion County Sheriff resulted in widespread over-detentions of inmates in the Marion County Jail, in violation of the Fourth and Fourteenth Amendments. Specifically, they allege the Sheriff chose a jail information management system (OMS[1]) that was incompatible with the Marion Superior Court's electronic case management system (Odyssey), which resulted in widespread over-detentions of inmates.

---

[1] OMS stands for the Offender Management System.

1

The November 8, 2021, trial date in this case was just vacated and reset to February 7, 2022.  There are two interrelated motions that are pending: (1) Defendants' Motion to Decertify the Class Based on Flaws in Plaintiffs' Methodology for Identifying Class Members and (2) Plaintiffs' Motion to Strike Previously Undisclosed and Prejudicially Late Witnesses and Exhibits.  For the reasons explained below, Plaintiffs' Motion to Strike is **GRANTED** and Defendants' Motion to Decertify the Class is **DENIED**.

I.   **Background**

In the court's Entry on the Parties' Cross-Motions for Summary Judgment, the court found that a detention lasting 12 or more hours after legal authority to support the detention of the inmate had ended was presumptively unreasonable.  With the court's ruling in mind, Plaintiffs' experts, Dr. Robert Sandy and Steven Henderson, issued two data sets of "compensable jails stays"—i.e., inmate over-detentions—to Defendants.  The first data set covered the period from June 6, 2014, to November 30, 2017, and contains 11,737 compensable jail stays.  (See Filing No. 442-1, Suppl. Rep. on Class Membership for the New Data).  The second data set covered the period from December 1, 2017, to June 30, 2020, and contains 3,346 compensable jail stays.  (*Id.*).  Defendants' expert, Dr. Brian D'Andrade, reviewed and critiqued the computer algorithm used by Plaintiffs' experts to determine inmate over-detentions.  Notably, Dr. D'Andrade did not review or attempt to determine whether any specific inmate identified by Plaintiffs' experts as over-detained was in fact over-detained.  (Filing No. 451-3, Dep. of Dr. Brian D'Andrade at 19).

Defendants received the second data set in March 2021. (Filing No. 449-1, MCSO's[2] Suppl. Resp. to Pls.' Tenth Req. for Product. with Combined Interrog. at 3). Defendants' employees, Captain Robert Fredrick with the assistance of Jennifer Glackin, Victoria Berry, Kaitlin Cox, Alexandra Gerling, and Megan Andrews, reviewed the data to determine whether Plaintiffs' conclusions as to whether a particular over-detention occurred was correct and if so, how long that over-detention lasted. (*Id.* at 4). In performing this review, Captain Frederick and his associates took a random sample of 300 inmate entries from the second data set and examined the information contained in OMS and Odyssey. (*Id.*). Captain Fredrick concluded that 55 of those inmates were in fact *not* over-detained. (*Id.*). Of the 12 longest-claimed over-detentions, Captain Fredrick concluded that five of them were not over-detained. (*Id.* at 8). Of those that were identified as exceeding the 12-hour threshold, Captain Fredrick determined the calculation of the over-detention as to four of them was inaccurate. (*Id.*).

Pursuant to Rule 37(c)(1) of the Federal Rules of Civil Procedure, Plaintiffs move to strike Captain Fredrick, Jennifer Glackin, Victoria Berry, Kaitlin Cox, Alexandra Gerling, and Megan Andrews as witnesses in this case as well as the exhibits they rely upon in forming their opinions—Filing Nos. 449-1 (MCSO's Suppl. Resp. to Pls.' Tenth Req. for Produc. with Combined Related Interrog.); 449-3 (data supporting Defendants' analysis of random sample); 449-4 (data supporting Defendants' analysis of the longest

---

[2] MCSO stands for Marion County Sheriff's Office.

claimed detentions); and 449-5 (data showing total number of inmates processed during the class period).

## II.  Discussion

Rule 37 of the Federal Rules of Civil Procedure provides that the exclusion of witnesses and evidence is mandatory where a party has failed to comply with the witness disclosure and discovery obligations set forth in Rule 26 unless the failure to comply was substantially justified or harmless.  Fed. R. Civ. P. 37(c)(1).

Plaintiffs submit that for years, they have specifically requested Defendants, through requests for production and interrogatories, to inform them if the data on inmate over-detentions they produced on January 10, 2018, was inaccurate and to explain why the data was inaccurate.  (Filing No. 451-1, Pl.'s Tenth Req. for Produc. with Combined Related Interrog.).  Defendants objected to producing any such information, witnesses, or exhibits, based on attorney work product (among other things).  (Filing No. 451-2, MCSO's Resp. to Pl.'s Tenth Req. for Produc. with Combined Related Interrog.).  Defendants finally supplemented their responses to the above and, for the first time, disclosed the witnesses and exhibits which are the subject of this motion on June 15, 2021.  (MCSO's Suppl. Resp. to Pl.'s Tenth Req. for Produc. with Combined Related Interrog.).  Plaintiffs contend Defendants should have disclosed these witnesses and this evidence three and a half years ago when it was first requested.

Moreover, Plaintiffs argue, Defendants' new witnesses are attempting to impeach Plaintiffs' list of over-detained inmates with a method of analysis different from that employed by Dr. D'Andrade.  Recall, Dr. D'Andrade did not independently verify

4

whether any specific inmate identified by Plaintiffs' experts as over-detained was in fact over-detained. Defendants' newly identified witnesses, however, claim to have done just that. As a result, Plaintiffs assert they have been prejudiced.

Defendants respond that their new evidence was not disclosed too late, as they did not receive Plaintiffs' second data set until March 2021. An order excluding this evidence, they claim, would deny them the right to present their defense at trial.

Defendants' argument ignores the fact that the first data set and the second data set are subject to the same methodology for identifying over-detained inmates. In other words, the second data set is not "new" evidence. Consequently, the type of case-by-case analysis Defendants' new witnesses conducted could have been conducted years ago on the first data set. Therefore, Defendants' late disclosure of these witnesses and this evidence is not substantially justified.

Furthermore, discovery closed over two years ago, dispositive motions and *Daubert* challenges have been ruled upon, and the trial in this matter is just months away. To allow these witnesses and this new evidence to be admitted would likely necessitate another continuance of the trial so Plaintiffs could depose those individuals and review the accuracy of the new evidence, resulting in prejudice to Plaintiffs. Therefore, Plaintiffs' Motion to Strike must be granted. As Defendants' Motion to Decertify the Class is wholly dependent on this new evidence, that motion must be denied.

### III. Conclusion

For the foregoing reasons, Plaintiffs' Motion to Strike (Filing No. 451) is **GRANTED**, and Defendants' Motion to Decertify the Class (Filing No. 449) is **DENIED**.

**SO ORDERED** this 19th day of October 2021.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.