**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| **MICHAEL DRIVER,** ) | |
| **TERRY CLAYTON,** ) | |
| **MICHAEL BOYD,** ) | |
| **NICHOLAS SWORDS, and,** ) | |
| **ROY SHOFNER,** ) | |
| individually and as representatives ) | **CAUSE NO. 1:14-cv-2076 RLY-MJD** |
| of a class of all similarly situated individuals, ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| vs. ) | |
| ) | |
| **THE MARION COUNTY SHERIFF,** ) | |
| **and,** ) | |
| **THE CONSOLIDATED CITY OF** ) | |
| **INDIANAPOLIS AND MARION COUNTY,** ) | |
| ) | |
| **Defendants.** ) | |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THE PARTIES'**
**JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT**

After seven years of hotly contested litigation, following three mediation sessions, and less than two months before trial, the parties have entered into a settlement agreement. The agreement is fair, reasonable, and more than adequate as it provides substantial benefits to the Class. The agreement thus complies with all Rule 23 criteria, and this Court should grant preliminary approval to it, direct notice to class members, schedule a fairness hearing, and, ultimately, approve the settlement.

**STANDARD**

Federal Rule of Civil Procedure 23(e) governs the settlement of class actions and allows the Court to approve a proposed settlement if it is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). The approval process includes two steps. *Armstrong v. Board of School Directors,* 616

F.2d 305, 314 (7th Cir. 1980), overruled on other grounds by *Felzen v. Andreas*, 134 F.3d 873 (7th Cir. 1998). "First, the court conducts a preliminary review to determine whether the proposed settlement is 'within the range of possible approval' and whether there is reason to notify the class members of the proposed settlement and proceed with a fairness hearing." *Id*. If preliminary approval is granted, the class members are notified. *Id.* Second, at or following a fairness hearing, the court makes the final determination of whether the proposed settlement is "fair, reasonable, and adequate." *Lucas v. Vee Pak, Inc*., No. 12-CV-09672, 2017 U.S. Dist. LEXIS 209872, at *7-8 (N.D. Ill. Dec. 20, 2017).

In deciding whether to grant preliminarily approval, reviewing courts should consider the same factors relevant to final approval, those being: "(1) the strength of plaintiffs' case compared to the terms of the proposed settlement; (2) the likely complexity, length, and expense of continued litigation; (3) the amount of opposition to settlement among effected parties; (4) the opinion of competent counsel; and (5) the stage of the proceedings and the amount of discovery completed." *Lucas*, 2017 U.S. Dist. LEXIS 209872, at *7-8: *Synfuel Techs., Inc. v. DHL Express (USA), Inc*., 463 F.3d 646, 653 (7th Cir. 2006).

Finally, in making these determinations, the Seventh Circuit has observed that "federal courts look with great favor upon the voluntary resolution of litigation through settlement" and, in the class action context in particular, there is "an overriding public interest in favor of settlement." *Armstrong*, 616 F.2d 312-13; *Isby v. Bayh*, 75 F.3d 1191, 1196 (7th Cir. 1996).

## PRELIMINARY APPROVAL SHOULD BE GRANTED TO THE PARTIES' PROPOSED SETTLEMENT AGREEMENT

All factors relevant to the decision of whether to preliminarily approve the settlement agreement favor approval.

**1. The Strength of Plaintiffs' Case Compared to the Amount of Defendants' Settlement Offer**

The most important factor in determining whether a class settlement is fair, reasonable, and adequate is the strength of the plaintiffs' case on the merits balanced against the amount offered in settlement. *Synfuel Techs., Inc.*, 463 F.3d at 653. The Court should attempt in some fashion to assess the net expected value of continued litigation to the class. *Reynolds v. Beneficial Nat'l Bank*, 288 F.3d 277, 285 (7th Cir. 2002). The Court should not reject a settlement "solely because it does not provide a complete victory to plaintiffs" because the "essence of settlement" is compromise. *Wright v. Nationstar Mortg. LLC, No*. 14 C 10457, 2016 U.S. Dist. LEXIS 115729, 2016 WL 4505169, at *7 (N.D. Ill. Aug. 29, 2016) (citing *In re AT&T Mobility Wireless*, 270 F.R.D. 330, 347 (N.D. Ill. 2010)). "An integral part of the strength of a case on the merits is a consideration of the various risks and costs that accompany continuation of the litigation." *In re AT&T Mobility Wireless*, 270 F.R.D. at 347 (quoting *Donovan v. Estate of Fitzsimmons*, 778 F.2d 298, 309 (7th Cir. 1985)).

Here the settlement is favorable to the class and continued litigation to a jury trial and subsequent post-trial motions and an appeal would present substantial risks, as well as considerable time and expense.

The Class could proceed to trial and receive more, or less, or nothing at all. Whatever the outcome, post-trial motions and an appeal by the losing party with its attendant risks, delays, and further expense, is all but guaranteed. Indeed, both parties have engaged in substantial motion practice, already pursued interlocutory appeals, and will certainly pursue whatever avenues for relief they have available in the future.

The strength of the Class's case is strong. Plaintiffs have successfully achieved class certification (Dkts. 171, 390); successfully appealed the denial of certification of the computer

3

class to the Seventh Circuit (Dkt. 196); survived summary judgment (Dkt. 408); survived Daubert motions challenging Plaintiffs' experts (Dkt. 399, 400); prevailed in having the Court establish a presumption that 12 hours or more delays in the release of inmates are presumptively unreasonable (Dkt. 408); prevailed in having the Seventh Circuit reject Defendants' petition for an interlocutory appeal of the Court's order certifying the computer class (Dkt. 393); prevailed in having the Court deny Defendants' Renewed Motion (Dkt. 438) to Exclude Plaintiffs' Experts (Dkt. 455): prevailed on Defendants' renewed motion (Dkt. 449) to decertify the class (Dkt. 509); and, on Plaintiffs' motion (Dkt. 451) to strike/exclude Defendants' late additions to the witness and exhibit lists. Dkt. 509.

The amount of the Defendants' offer contained in the settlement agreement is substantial and reflects the strength of the Class's case.

The Defendants' settlement offer provides for payments of $40 per hour for each hour of overdetention (hours over 12) experienced by approximately 15,000 class members. This Court has previously limited the class to those individuals detained 12 or more hours. Dkt. 408, Entry at 17-18 (06/03/20). Plaintiffs' experts were able to identify 15,083 jail stays for the class time period of June 1, 2014, to the present, in which class members were subject to detentions beyond 12 hours following the entry of a release order or the payment or posting of bond or bail with no holds, warrants, or detainers justifying the continued detention of the individual. Dkt. 442-1, Supplemental Report on the Class Membership for the New Data, Nov. 24, 2020. The collective overdetention time (hours over 12) experienced by class members during these 15,083 jail stays is 175,814 hours. *Id*. Settlement Agr,¶ 1. If all qualifying class members make claims, the Defendants' collective exposure to the Class would be over seven million dollars. (175,814 hours x $40/hr = $7,032,560). While class members will have to make a claim through a claims process,

the claims process is non-adversarial, and the Defendants are precluded from objecting to the payment of any claim made by any class member identified on the data set of 15,083 jail stays. Settlement Agr., ¶ 6.

The Settlement also provides that Defendants will pay Class Counsel litigation expenses in the amount of $550,000 and attorney fees in the amount of $4,000,000 divided over two years. These payments are not out of funds otherwise designated for the Class and reflect the parties' considerations of Defendants' exposure to an award of attorney fees and expenses under 42 U.S.C. §1988 should the Class prevail at trial. While these are substantial amounts, they are less than Class counsel's actual accumulated attorney fees and at or near the actual litigation expenses.[1]

Projecting the Class's potential recovery is of course an inexact exercise. Nevertheless, recoveries in other Indiana and Illinois class cases involving overdetention claims provide information helpful in judging the reasonableness of the proposed settlement here.

In *Donovan v. Sheriff of Whitley County*, No. 1:08-CV-102 TLS, 2015 U.S. Dist. LEXIS 160687 (N.D. Ind), Judge Springmann approved a class action settlement alleging overdetentions at $51 per hour of over-detention. In doing so the Judge provided perhaps the best evaluation of proposed settlement amounts in overdetention cases by comparing the proposed amount in that

---

[1] Class counsel Richard A. Waples has advanced $175,591.41 in litigation expenses on behalf of the Class and accumulated 4,028 hours in attorney time. Plaintiffs' counsel John P. Young has advanced $175,115.70 in litigation expenses on behalf of the Class and accumulated 2,512 hours in attorney time. Former Plaintiffs' counsel Matt Boldt accumulated 345 hours on behalf of the Class. Plaintiffs' counsel's paralegals have accumulated 1,194.45 hours. Plaintiffs' counsel Waples and Young attorney fee rates are $650 per hour. Attorney Boldt's rate is $300 per hour and paralegal rates are $125 per hour. The cumulative total of actual attorney fees under a lodestar approach would thus be $4,503,806.25 (4,028 + 2,512 = 6,540 atty hours x $650 = $ 4,251,000 ); 345 attorney hours x $300  = $103,500; 1,194.45 paralegal hours x $125 = $149,306.25) ($4,251,000 + $103,500 + $149,306.25 = $4,503,806.25).
    Class counsel's litigation expenses to date are $350,707.11 ($175,591.41 + 175,115.70). The class has outstanding expenses associated with final expert fees and mediation expenses yet to be billed. Class administration expenses are estimated at $66,710 payable to Rust Consulting but could be more. The class will also seek class representative fees of $20,000 for each of the five class representatives ($100,000). All these expenses will be paid as part of the Expenses payment by Defendants.
    All such attorney fees and expenses will be updated, documented, and more thoroughly set forth in Plaintiffs' Petition for Attorney Fees and Expenses to be filed contemporaneously with their Petition for Final Approval of the Class Settlement. All such items and amounts are subject to the Court's review and final approval.

case to the outcomes in thirteen substantially similar cases of overdetention:

> Based on recoveries achieved through jury verdicts or settlements in thirteen substantially similar or related cases (Joint Br. 2-3, ECF No. 86), the range of possible outcomes is from $1.00 per hour of over detention to $75.00 per hour of over detention. The probabilities for the range of outcomes is estimated as follows:
>
> - $10.00 per hour of over detention or less: 25%;
> - $25.00 per hour of over detention: 25%;
> - $40.00 per hour of over detention: 25%;
> - $50.00 per hour of over detention: 20%;
> - $75.00 per hour of over detention: 5%.
>
> Multiplying these amounts, and adding them together, yields a net expected value of $32.50 per hour of over detention. The proposed settlement in this case would provide each class member with more than $51.00 per hour of over detention for general loss of liberty claims. Based on these numbers, the strength of Plaintiffs' case compared to the Defendant's offered settlement amount supports a finding that the settlement is fair, reasonable, and adequate.

*Donovan v. St. Joseph Cty. Sheriff*, 2015 U.S. Dist. LEXIS 160687, at *9. Importantly, the Court also approved attorney fees of 40% plus litigation expenses which were to be deducted from the common fund (Id., at 12), effectively leaving class members with net recoveries of approximately $31 per hour ($51 x .6 = $30.6).

Taking such a claim to trial can be risky with no certain outcome, as the class realized in *Myatt v. Allen County Sheriff*, Cause No. 1:10-cv-00064-TLS (N.D. Ind.). In *Myatt,* the defendant sheriff admitted liability by stipulating that the class experienced over-detentions due to *Gerstein* violations. The parties were unable to agree to damages, and hence that issue went to trial. The jury awarded the class a total of $364,000.00, which, distributed at the same hourly rate across the class, resulted in an approximate rate of $22.00 per hour of over-detention for each inmate class member. *Id*., ECF No. 158 (described in subsequent proceedings in *Myatt v. Gladieux*, 2017 U.S. Dist. Lexis 32001, 2017 WL 894476 (March 7, 2017, N.D. Ind.).

Here, the settlement amount of $40 per hour of overdetention, with no attorney fees or

expenses deducted from this amount, results in a higher effective hourly rate recovery by class members here than the recoveries in *Donovan* or *Myatt*.

As these cases show, the Class could go to trial and, even if successful, receive half of the settlement amount, as the class did in *Myatt*, or slightly more per hour as in *Donavan* but subject to a forty percent reduction for attorney fees and expenses as occurred there. However, again, there is no stipulation as to liability here, and thus no guarantee that the Class will prevail, so there is always a risk of a zero recovery. Additionally, there is simply no way to know beforehand what a jury may award a prevailing class. What is known is that the proposed settlement here is substantial and guaranteed, and considerably more than the effective recoveries in the most relevant comparable cases. These are significant considerations favoring a finding that the proposed settlement is fair, reasonable, and adequate.

This factor favors approval of settlement.

**2. An Assessment of the Likely Complexity, Length, and Expense of the Litigation**

This case was filed seven years ago and, as the Court knows from its many rulings on the parties' contested motions, is highly complex and expensive. Over four million dollars in attorney fees have already been expended (*supra,* n.1) and over $350,000 in direct litigation costs have already been paid by Class Counsel. While a trial is imminent, that two-to-three-week trial with dozens of witnesses including four out-of-state experts (the Class's three experts are from Tennessee, Rhode Island, and Texas; the Defendants' expert is from Maryland) will itself be expensive and time-consuming. Numerous pretrial motions (See e.g., Dkts. 464-506) have yet to be ruled-upon, the outcomes of which could substantially alter each party's prospects at trial. While one party will win or win a mixed result at trial, it is guaranteed that the non-prevailing party will continue with post-trial motions and an appeal, with no certain results. The case could

continue for years and could even result in a retrial and subsequent post-trial motions and appeals therefrom.

This factor favors approval of the settlement.

### 3. An Evaluation of the Amount of Opposition to Settlement Among Affected Parties

This factor cannot be evaluated until at or after the Fairness Hearing. Suffice it to say at this preliminary stage that because of the significant relief provided to the Class, it is unlikely that there will be substantial or meritorious opposition to the settlement.

Even if there is opposition to this agreement, the proposal includes the right of dissatisfied class members to opt-out of the settlement and pursue their own claims if they choose. Settl Agr., ¶ 13. Any such objectors should thus not be able to block the substantial relief provided to non-objecting class members provided in the settlement agreement.

This factor favors approval of the settlement.

### 4. The Opinion of Competent Counsel

One of Plaintiffs' undersigned counsel has practiced law including complex federal litigation and class action litigation for thirty-seven (37) years, the other has practiced for over thirty-three (33) years. One of Plaintiffs' counsel is the former president of the Indiana Trial Lawyers Association, the other the former Legal Director of the ACLU of Indiana. The Court is familiar with counsel and their level of competency, which has been displayed throughout this litigation. Plaintiffs' counsel have advanced the interests of prisoners for years in this and other litigation, and believe this settlement is in the best interest of the Class and represents a very good outcome.

This factor favors approval of the settlement.

### 5. The Stage of the Proceedings and the Amount of Discovery Completed at the Time of Settlement

This is not a quickly filed and hastily settled class action. It is the opposite.

The case is over seven years old and has over 500 docket entries. Extensive discovery by both sides has been conducted with literally hundreds of thousands of documents exchanged and examined. Plaintiffs took 29 depositions and defended or participated in 15 depositions taken by Defendants. The parties filed 27 Joint Reports on the Status of Discovery and the Magistrate personally presided over 48 discovery and status conferences. The Class has employed three experts to assist them in identifying class members and their overdetention times. A list of Plaintiffs' extensive pretrial successes in this case is set forth infra at 3-4.

The Parties have thoroughly litigated this case and know each other's evidence and positions and the law as well as can be humanly expected. Plaintiffs' counsel has expended thousands of attorney hours and hundreds of thousands of dollars advancing the interests of their clients. The stage of these proceedings and the amount of discovery achieved here to date allows Class Counsel considerable perspective on the reasonableness of this settlement.

This factor favors approval of the settlement.

### 6. Notice and Administration of the Settlement.

The proposed notice and claims process set forth in the parties' settlement agreement meets and exceeds all Rule 23 standards.

Rule 23(e) requires the "best notice that is practicable under the circumstances." Fed. R. Civ. P. 23(e). Courts have consistently recognized that Rule 23(e) and due process do not require that every class member receive actual notice, as long as the selected method will likely apprise interested parties. Newberg on Class Actions §11.53; *Burns v. Elrod*, 757 F.2d 151, 157 (7th Cir.

1985). "The contents of a Rule 23(e) notice are sufficient if they inform the class members of the nature of the pending action, the general terms of settlement, that complete and detailed information is available from the court files, and that any class member may appear and be heard at the hearing." *In re AT&T Mobility*, 270 F.R.D. at 351.

The Settlement provides that the Class will be notified, and the Claims Process administered by Rust Consulting, a leading nationwide class action settlement administrator. Over the last 40 years Rust has administered more than 7,500 cases including numerous matters involving prisoners' civil rights. See About Rust Consulting, https://www.rustconsulting.com/home-rust-consulting-inc/portalid/0.

Rust's responsibilities under the settlement include a vigorous and informative methodology for providing notice to Class members, including by First Class U.S. Mail, with steps to update addresses before mailing, address tracking, and re-mailing returned notices to better addresses when returned as undeliverable; notice by publication in the Indianapolis Star; notice via a dedicated website; and the maintenance of a 24-hour call center to assist with notice and the claims process. The Claims process is an industry-standard claims process involving claims accepted both through the mail and directly on Rust's website.

The notice and claims form are set forth as Exhibits A and B to the Settlement Agreement.

The proposed Notice and Claims Process more than satisfies Rule 23 and due process standards, and support approval of the proposed settlement.

## CONCLUSION

The Plaintiff Class respectfully request that the Court enter an Order preliminarily approving the settlement, scheduling a Fairness Hearing approximately 165 days following the initial approval order, and directing that notice of the hearing and administration of the claims

process be provided to the Class in the manner set forth in the proposed settlement agreement.

Respectfully submitted,

Dated: December 23, 2021

*/s/ Richard A. Waples*
Richard A. Waples
Attorney for Plaintiffs and the Class

Dated: December 23, 2021

*/s/ John Young*
John Young
Attorney for Plaintiffs and the Class

**WAPLES & HANGER**
410 N. Audubon Road
Indianapolis, Indiana 46219
TEL: (317) 357-0903
FAX: (317) 357-0275
EMAIL: rwaples@wapleshanger.com

**YOUNG & YOUNG**
128 N. Delaware St. 3rd Floor
Indianapolis, Indiana 46204
TEL: (317) 639-5161
TOLL FREE: 1 (888) 639-5161
FAX: (317) 369-4978
EMAIL: john@youngandyoungin.com

## CERTIFICATE OF SERVICE

The undersigned certified that on December 23, 2021, a copy of this document was filed electronically. Notice of this filing will be sent to counsel of record by operation of the Court's electronic filing system:

Anthony Overholt at aoverholt@fbtlaw.com

Kevin C. Schiferl at kschiferl@fbtlaw.com

Nicholas C. Pappas at npappas@fbtlaw.com

Darren A. Craig at dcraig@fbtlaw.com

/s/ Richard A. Waples
Richard A. Waples
Attorney for Plaintiffs and the Class

/s/ John Young
John Young
Attorney for Plaintiffs and the Class

**WAPLES & HANGER**
410 N. Audubon Road
Indianapolis, Indiana 46219
TEL: (317) 357-0903
FAX: (317) 357-0275
EMAIL: rwaples@wapleshanger.com

**YOUNG & YOUNG**
128 N. Delaware St. 3rd Floor
Indianapolis, Indiana 46204
TEL: (317) 639-5161
TOLL FREE: 1 (888) 639-5161
FAX: (317) 369-4978
EMAIL: john@youngandyoungin.com